Filed 7/8/25  P. v. Polanco CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084626 |
| v. | (Super.Ct.No. FWV702183) |
| RIGOBERTO POLANCO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Rigoberto Polanco appeals from an order of the San Bernardino County Superior Court made pursuant to Penal Code section 1172.75.[1] That order strikes defendant's section 667.5, subdivision (b) prison priors but made no other changes to his sentence. We will affirm.

## BACKGROUND

Defendant fired a gun at three young men who were walking down the street together, killing one of them. In 2009, a jury found defendant guilty of first degree murder with an enhancement for personally and intentionally discharging a firearm and causing death (§§ 187, subd. (a), 12022.53, subd. (d); count 1), two counts of premeditated and deliberate attempted murder, each with an enhancement for personally and intentionally discharging a firearm (§§ 187, subd. (a), 664, subd. (a), 12022.53, subd. (b)-(c); counts 2 & 3), and one count of unlawful possession of a firearm (§ 12021, subd. (a)(1); count 4). Three one-year prison prior enhancements (§ 667.5, subd. (b)) were also found true.

On May 29, 2009, the trial court sentenced defendant to a determinate term of 43 years 8 months, including a year for each of the prison priors. The determinate sentence was to be followed by four consecutive terms of life with the possibility of parole, including two with a minimum parole period of 25 years each. Defendant appealed the judgment and we affirmed. (*People v. Polanco* (June 21, 2010, E048618) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code.

On February 25, 2019, the trial court held a hearing in response to a letter from the California Department of Corrections and Rehabilitation stating that there were mistakes in defendant's sentencing. The trial court corrected the May 29, 2009, sentencing order nunc pro tunc by (i) clarifying that count 1 was first, not second, degree murder, (ii) noting that defendant had been sentenced for seven years to life on the two premediated and deliberated attempted murder convictions (counts 2 & 3), and (iii) imposing the middle term of two years consecutive on count 4. It also stayed the sentences for the three prison prior enhancements. The stays of the prison priors were not reflected in the February 25, 2019, minute order or in the amended abstract of judgment, which was filed on March 27, 2019.

Defendant's case came before the trial court again in August 2024 upon its receipt of a section 1172.75 resentencing stipulation form. The court struck the three prison priors, but made no other changes in defendant's sentence, noting defendant's lack of remorse and finding he poses a threat or danger to public safety. Because the prison priors were stricken, we see no reason to order correction of the February 25, 2019, minute order.

Defendant timely noticed this appeal and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts and, citing *Wende*,

*supra*, at pages 440–442, advises that we are required to conduct an independent review of the record.

Counsel notes he considered four issues: (i) whether the trial court abused its discretion when it did not strike a section 1385, subdivision (c)(2) enhancement; (ii) whether the People established by clear and convincing evidence that further resentencing would endanger public safety; (iii) whether defendant's counsel was prejudicially ineffective by not presenting postconviction mitigation as permitted by section 1172.75, subdivision (d)(3); and, (iv) whether the trial court erred in failing to pronounce judgment on the indeterminate terms.

Contrary to counsel's suggestion, an appeal from a trial court's orders made under section 1172.75 does not implicate the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441–442, such as requiring independent review of the record by Courts of Appeal if appointed counsel files a no-issues brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226–228 (*Delgadillo*).) Rather, in appeals from postjudgment orders, appointed appellate counsel who are unable to find an arguable issue must file a brief informing the appellate court of that determination and include a concise recitation of the facts bearing on the court's orders (*Delgadillo* brief). (*Id.*, at p. 231.)

Upon receipt of the *Delgadillo* brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.*, at pp. 231–232.)

4

If the defendant files a brief or letter, the appellate court is required to evaluate the arguments he or she raises and must issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the appellate court's notice, however, then the appellate court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*) If the appellate court chooses to dismiss, it may do so with or without a written opinion. (*Ibid.*) In all cases, the appellate court has discretion to conduct an independent review of the record. (*Ibid.*)

In this case, we notified defendant that his counsel had filed a brief stating no arguable issues could be found and that this court may, but is not required, to conduct an independent review of the record, citing *Delgadillo*, *supra*, 14 Cal.5th 216. We invited him to file any arguments he deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Defendant did not file a brief.

Although we properly sent a *Delgadillo* notice to defendant, it is reasonably probable that he may have been confused by, or even relied upon, the incorrect information provided by his counsel that *Wende* procedures apply to his case. Accordingly, we independently reviewed the record on appeal and found no error.

Neither defendant nor his counsel have presented an issue and we did not discover an arguable issue upon our review of the record.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.
MENETREZ
J.